IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GERALD D. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | 4:04cv3369 |
| | ) | |
| vs. | ) | PROGRESSION ORDER |
| | ) | (Habeas Corpus) |
| HAROLD W. CLARKE, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court to facilitate progression of this habeas corpus case filed pursuant to 28 U.S.C. § 2254 by the petitioner, Gerald D. Smith. The respondent has filed an Answer (filing no. 13) and a Designation of Relevant State Court Records (filing no. 14). The petitioner has filed a Motion (filing no. 16) for information regarding the status of the case. This Progression Order provides the requested information.

**Background**

The petitioner is serving concurrent prison terms of 10 to 12 years for convictions in the District Court of Douglas County, Nebraska, in January of 1998, on charges of burglary and being a felon in possession of a firearm. According to the respondent, the petitioner lost a direct appeal (Case No. S-01-0172) and, later, a postconviction appeal in the Nebraska Court of Appeals on September 17, 2004 (A02-1429).[1] Then the petitioner filed a petition for further review in the Nebraska Supreme Court on October 17, 2004, which was denied as untimely.

**Procedural Default**

Without specifying which claims, the respondent generally alleges that certain claims presented in the petitioner's § 2254 petition are barred by procedural default from consideration on the merits by this court. Again, without indicating which claims, the respondent contends that (a) "portions" of the petitioner's claims of ineffective assistance of trial counsel were not presented in the petitioner's direct appeal to the Nebraska

---

[1] In ¶¶ 9-10 of his § 2254 petition, the petitioner states that he filed a postconviction proceeding in state court on January 20, 1999, which resulted in part in a resentencing and a new direct appeal on the weapons conviction. The petitioner expresses confusion as to why he received that relief, and the matter is not cleared up by the respondent, who simply ignores it in the Answer. The respondent mentions only the postconviction proceeding filed by the petitioner on August 22, 2002.

1

Supreme Court; (b) none of the petitioner's claim(s) of ineffective assistance of appellate counsel reached the Nebraska Supreme Court because of the untimely petition for further review in the petitioner's postconviction proceedings; and (c) the petitioner never presented a claim of invalid plea to the Nebraska appellate courts, and, if he did, the claim never reached the Nebraska Supreme Court because of the untimely petition for further review.

In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the United States Supreme Court explained the habeas exhaustion requirement as follows: "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief. Id. at 845. Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. Id. at 844.

In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, No. 02-1913, __ F.3d __, 2005 WL 1322694 at *3 (8th Cir. June 6, 2003).

**Cause and Prejudice to Excuse Procedural Default**

Although the United States Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [the Court has] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice .... Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, a federal habeas court is barred from considering an ineffective-assistance-of-counsel claim as "cause" for the procedural default of another claim when the ineffective-assistance claim has itself been inexcusably procedurally defaulted. Id. Other than ineffective assistance of counsel, "cause" to excuse a procedural default must be based on an objective impediment external to the defense. See, e.g., Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999): "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials,' ... made compliance impracticable, would constitute cause under this standard."

On the meaning of "fundamental miscarriage of justice," see, e.g., Bousley v. United States, 523 U.S. 614, 623 (1998): "Petitioner's claim may still be reviewed in [a] collateral

proceeding if he can establish that the constitutional error in his [state proceeding] 'has probably resulted in the conviction of one who is actually innocent.'... To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id., *citing* Schlup v. Delo, 513 U.S. 298, 327-28, (1995) (internal quotation marks omitted). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623.

However, no claim of factual innocence may be considered before any other basis for relief. See Dretke v. Haley, 541 U.S. 386, 393-94 (2004): "[A] federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default."

## Williams v. Taylor

As stated, the respondent contends that almost all of the § 2254 claims raised in the petitioner's § 2254 petition are procedurally defaulted. In addition, the respondent asserts that any claims which are not barred by procedurral default are subject to review under the deferential standard required by 28 U.S.C. § 2254(d). See Williams v. Taylor, 529 U.S. 362 (2000).

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Eighth Circuit Court of Appeals has commented that 28 U.S.C. § 2254(d) leaves a federal habeas court only a "very narrow" scope of review of state-court determinations. Blackwell v. Graves, 349 F.3d 529, 532 (8th Cir. 2003).

*28 U.S.C. § 2254(d)(1)*

In Kinder v. Bowersox, 272 F.3d 532, 537-38 (8th Cir. 2001), the Eighth Circuit explained 28 U.S.C. § 2254(d)(1), *citing* Williams v. Taylor, 529 U.S. 362, 405 (2000):

> Our first step, then, in evaluating a challenge to the state court's application

of the law is to determine what, if anything, the Supreme Court has said on the subject. From there, we proceed to take a careful look at the decision of the state court. That decision will be viewed under AEDPA as "contrary to" clearly established federal law if the state court has applied a rule that directly contradicts Supreme Court precedent or has reached a result opposite to a result reached by the Supreme Court on "materially indistinguishable" facts .... As for an "unreasonable application" of the law, we must remember that unreasonable is not the same as incorrect .... The state court's application might be erroneous, in our "independent judgment," yet not "unreasonable."

See also Lockyer v. Andrade, 538 U.S. 63 (2003):

First, a state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."

Id. at 73 (citations omitted).

Second, "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."... The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous .... The state court's application of clearly established law must be objectively unreasonable.

Id. at 75 (citations omitted).

*28 U.S.C. § 2254(d)(2)*

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537

4

U.S. 322, 324 (2003).

Therefore, as to any claim not procedurally defaulted or for which the default is excused, the issue in this court is whether the Nebraska courts, in adjudicating the merits of the claim, (1) produced "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) based its decision on an unreasonable factual determination in light of the evidence.

## Errors in Postconviction Proceedings

In one respect, the respondent's Answer is dispositive. The petitioner's § 2254 claims based on defects in his state postconviction proceedings must be dismissed.

28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id. § 2254(a). See, e.g., Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990) (a claim regarding an infirmity in state postconviction proceedings "is collateral to appellant's conviction and detention, and is therefore not cognizable in a 28 U.S.C. § 2254 petition").

Thus, relief under § 2254 is available for violations of federal law leading to a criminal conviction in state court or on direct appeal, but not for violations which occur on collateral review. See, e.g., Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings .... Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings ...."); Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir.), cert. denied, 527 U.S. 1056 (1999) (claim of denial of due process in state post-conviction court provided no grounds for federal habeas relief); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) (errors and irregularities in state post-conviction proceedings are not cognizable on federal habeas review); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir.), cert. denied 525 U.S. 1024 (1998) (insofar as an alleged constitutional error relates to the state's post-conviction remedy rather than to the judgment of conviction, the alleged error states no cognizable federal habeas claim); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997), cert. denied, 525 U.S. 903 (1998) ("errors concerning [state post-conviction] process are not cognizable in federal habeas proceedings"); Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997) (*citing* Jolly v. Gammon, 28 F.3d 51 (8th Cir.), cert. denied, 513 U.S. 983 (1994), *quoting* Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.1990): "[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition."); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993) (challenge to state "post-conviction procedures on their face and as applied to [petitioner] would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"); Smith v. Lockhart, 882 F.2d 331, 334 (8th Cir.1989), cert. denied, 493 U.S. 1028 (1990) (failure by state post-conviction court to hold a hearing and provide written findings not cognizable in federal habeas corpus action); Bryant v. Maryland, 848 F.2d 492, 492 (4th Cir. 1988) ("claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987)

(per curiam) (claim of due process violation in state post-conviction court "goes to issues unrelated to the cause of petitioner's detention [and] does not state a basis for habeas relief").

**Briefs**

Accordingly, to facilitate progression of this case, I will direct the parties to file briefs addressing the issues of procedural default, cause and prejudice to excuse any procedural default, the merits of the petitioner's claims, and the deferential standard of review required by 28 U.S.C. § 2254(d).  Ordinarily, the petitioner would be directed to begin the schedule of briefs.  However, in this case, the petitioner has provided a comprehensive explanation of his claims, while the respondent has provided only a meager summary of defenses creating more questions than answers.

IT IS THEREFORE ORDERED:

1. That by July 29, 2005, each party[2] shall file a brief on the issues discussed above;

2. That by August 30, 2005, each party shall file a brief in response to the other party's brief;

3. That either party may move for an extension of time as needed;

4. That unless the court orders an evidentiary hearing, expansion of the record, or additional briefs, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court record and the briefs; and

5. That filing no. 16, the petitioner's Motion for information about the status of this case, is granted.

DATED this 23rd day of June, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge

---

[2]No particular format is required, and handwriting is acceptable if legible.