IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GERALD D. SMITH, ) | |
| ) | |
| Petitioner, ) | 4:04CV3369 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| HAROLD W. CLARKE, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by the petitioner, Gerald D. Smith ("§ 2254 petition"). Also before the court are the respondent's Answer to the § 2254 petition, and the parties' briefs regarding the petitioner's § 2254 claims and the respondent's defenses. The petitioner has filed a Motion (filing no. 24) for information regarding the status of the case. Filing no. 24 is granted, insofar as this Memorandum and Order provides the requested information.

**Background**

On January 22, 1998, a jury in the District Court of Douglas County, Nebraska, convicted the petitioner of a "weapons" charge, i.e., being a felon in possession of a deadly weapon, and the next day, he was also adjudged a habitual criminal. The petitioner entered a plea of no contest to another pending charge, i.e., burglary, and the prosecutor dismissed a third charge, i.e., another weapons offense. No appeal from the weapons or burglary convictions or sentences followed.

On January 20, 1999, the petitioner filed his first postconviction action, which resulted in a resentencing on January 2, 2001, and a new direct appeal from the original convictions. As the petitioner did not receive the new trial he had requested, he appealed,

1

citing the following single issue on appeal: "Appellant's trial counsel performed deficiently to appellant's prejudice in that his ineffectiveness was clear in the context of his complete failure to investigate which was not the product of any conceivable trial strategy." (Case No. A-01-0172, Brief of Appellant in the Nebraska Court of Appeals at 3.)

On November 21, 2001, the respondent filed a Petition to Bypass, asking the Nebraska Supreme Court to accept jurisdiction of, and allow the parties to bypass the Court of Appeals in, Case No. A-01-0172. Apparently, the Nebraska Supreme Court granted the motion, as Case No. A-01-0172 became Case No. S-01-0172, and on June 5, 2002, the Nebraska Supreme Court issued a Memorandum Opinion and Judgment on Appeal. In that decision, the Court characterized the assigned error on appeal as follows: "Smith asserts that he received ineffective assistance of trial counsel because trial counsel failed to locate and interview witnesses, failed to call witnesses at trial, and failed to investigate other suspects and/or defense theories." (Case No. S-01-0172, Memorandum Opinion and Judgment on Appeal, June 5, 2002, at 3.) The Nebraska Supreme Court found the claim to be without merit and affirmed the petitioner's conviction and resentencing.

Then on August 22, 2002, the petitioner filed his second motion for postconviction relief. The district court denied the motion, without an evidentiary hearing, on November 13, 2002, and dismissed the action. The petitioner appealed, and, in Case No. A-02-1429, the Nebraska Court of Appeals affirmed the district court in a decision filed on September 17, 2004.

The petitioner then had 30 days to file a Petition for Further Review with the Nebraska Supreme Court. Ackerman v. Nebraska Dept. of Corrections Appeals Bd., 593

N.W.2d 728, 729 (Neb. 1999). He filed a Motion for Extension of Time In Order to File Motion for Further Review, dated October 6, 2004 and filed on October 8, 2004, requesting an extension until November 24, 2004. The respondent contends that the Nebraska Supreme Court denied the petitioner's Motion for Extension of Time. The petitioner then filed his Petition for Further Review and supporting Memorandum Brief dated October 15, 2004, and filed on October 19, 2004. The respondent contends that the Nebraska Supreme Court entered an Order on October 22, 2004, denying or dismissing the Petition for Further Review as untimely.

**Exhaustion**

It is a cardinal principle of federal habeas corpus law that a § 2254 claim must have been fairly presented to, i.e., exhausted in, the state district and appellate courts before such claim reaches a federal district court in a habeas petition. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the '"opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'... To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted). Accord O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief). In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an

3

appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005).

The petitioner's claim of ineffective assistance of trial counsel -- failure to locate and interview witnesses, failure to call witnesses at trial, and failure to investigate other suspects and/or defense theories -- is exhausted. That claim has been presented on the merits all the way through the state court system, including to the state's highest court in Case No. S-01-0172.

**Procedural Default**

However, no other claim presently asserted by the petitioner has been successfully presented in one complete round of the state's appellate review process. If a habeas claim has not been presented on the merits all the way through the state's appellate review process and is now barred from such presentation, the claim is "procedurally defaulted," not unexhausted. Akins v. Kenney, 410 F.3d 451, 456 (8th Cir. 2005). See also Wemark v. Iowa, 322 F.3d 1018, 1022 (8th Cir. 2003):

> Title 28 U.S.C. § 2254(b) bars the granting of habeas corpus relief "unless it appears that the applicant has exhausted the remedies available in the courts of the State." Because "[t]his requirement ... refers only to remedies still available at the time of the federal petition," it is satisfied "if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law." However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.

(Citation omitted.). Thus, procedural default occurs when a petitioner fails to follow a state procedural rule for a claim and thereby forfeits the claim. The inability to obtain a state-court ruling on a claim because of a procedural default renders that claim "exhausted" for

habeas purposes, but the procedural default bars federal habeas review unless the petitioner can show cause for and prejudice from the procedural failure. Taylor v. Bowersox, 329 F.3d 963, 971 (8th Cir. 2003), cert. denied, 541 U.S. 947 (2004).

### Second Postconviction Action - Petition for Further Review

Because the Nebraska Supreme Court denied the petitioner's Motion for Extension of Time and dismissed his Petition for Further Review as untimely, the petitioner forfeited all claims asserted in his second postconviction action. Those claims have not been fairly presented on their merits in one complete round of the state's appellate review process and cannot now be presented to the Nebraska courts on collateral review.[1]

In the respondent's designation of relevant state court records (filing no. 14) and in the actual records filed with the court, I do not find a copy of the Order by the Nebraska Supreme Court denying the petitioner's Motion for Extension of Time. Nor can I find the Order of October 22, 2004, referenced by the respondent, in which the Nebraska Supreme Court denied the Petition for Further Review as untimely. As those Orders are central to the disposition of this case, I am mystified that the respondent has failed to provide those records or, at a minimum, has failed to point to their location within the records delivered

---

[1]There remains no currently available state-court remedy for the petitioner's claims because they could have been perfected in the direct appeal granted to the petitioner after his first postconviction action or in the appeal from his second postconviction action. See, e.g., State v. Williams, 609 N.W.2d 313, 318 (Neb. 2000): "We hold that in order to raise the issue of ineffective assistance of trial counsel where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review." See also State v. Lotter, 664 N.W.2d 892, 922 (Neb. 2003) and Hall v. State, 646 N.W.2d 572, 579 (Neb. 2002) (under Nebraska law, a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal). In addition, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." State v. Ortiz, 670 N.W.2d 788, 792 (Neb. 2003).

to this court.  Indeed, there are no citations to the record *at all* in the respondent's brief(s).

However, the petitioner candidly concedes that the Petition for Further Review in his second postconviction proceeding was docketed on October 19, 2004 (two days after expiration of the deadline).  At that time he was a pro se prisoner, and he placed the document in the prison mail system on October 15, 2004, two days before the docketing deadline.  Thus, the petitioner appears to be relying on the "prison mailbox rule," which, if the rule applied, would have given the petitioner the benefit of the date he deposited the pleading in the prison mail system.  Regarding the prison mailbox rule as implemented in the federal courts, see generally Sulik v. Taney County, 316 F.3d 813, 815 (8th Cir. 2003):

> In Houston v. Lack, 487 U.S. 266, 270-76 ... (1988), the Supreme Court held a pro se prisoner's notice of appeal should be deemed filed when the prisoner delivers it to the warden for forwarding to the district court. The Court observed that a prisoner cannot control the notice of appeal after it has been delivered to prison officials, the prisoner lacks legal counsel to institute and monitor the process, and the prison authorities have incentive to delay a filing beyond the applicable time limit. Id. at 270-72. The Houston holding was later incorporated into Federal Rule of Appellate Procedure 4(c) .... As written, the Rule applies only to notices of appeal. Id. Nevertheless, we have extended the benefits of the prison mailbox rule to pro se state prisoners who file 28 U.S.C. § 2254 habeas petitions and to pro se federal prisoners who seek similar relief under § 2255 .... In doing so, we concluded the Supreme Court's reasoning in Houston applies with "virtually equal force" in the habeas context. Nichols v. Bowersox, 172 F.3d 1068, 1075 (8th Cir. 1999) (en banc); see Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999).

The prison mailbox rule is not constitutionally mandated, however, and Nebraska has rejected a comparable rule for state-court appeals.  See, e.g., State v. Parmar, 586 N.W.2d 279 (Neb. 1998):

> The appellate jurisdiction of a court is contingent upon timely compliance with constitutional or statutory methods of appeal.

Id. at 282 (citation and quotation marks omitted).

> This court has long held that "the Legislature intended that the filing of the notice of appeal and the depositing of the docket fee 'in the office of the clerk of the district court' are both mandatory and jurisdictional." ....

Id. (Citations omitted.)

> Parmar also contends that this court should adopt the "prison delivery rule" announced in Houston v. Lack, 487 U.S. 266 ... (1988), and that his pro se notice of appeal and poverty affidavit were timely "filed" under the rule.

Id. at 283.

> While this court recognizes that the rationale for such a rule "makes a good deal of sense," Houston v. Lack, 487 U.S. at 277 ... (Scalia, J., dissenting), jurisdictional statutes must be strictly construed .... § 25-1912 specifically states that an appeal shall be perfected by "filing [a notice of appeal and docket fee] in the office of the clerk of the district court" within 30 days ....  This court cannot construe "in the office of" to mean "in the hands of prison authorities for forwarding to the office of."  Indeed, this court has previously interpreted the word "filed" in § 25-1912 to mean received in the office of the clerk of the district court.

Id. (Citations omitted.)

> We decline to adopt the "prisoner delivery rule" and conclude that prisoners acting pro se are subject to the same filing rules as other litigants.

Id. at 284.

Thus, the petitioner defaulted all claims raised in his second motion for postconviction relief by failure to file a timely Petition for Further Review to the Nebraska Supreme Court.  He has shown no cause to excuse the default; nor has he shown actual innocence of the offenses of conviction.[2]

---

[2]The Supreme Court has defined "actual innocence" in this context very strictly.  See , e.g., Watts v. Norris, 356 F.3d 937, 941 (8th Cir.), cert. denied, 543 U.S. 904 (2004):

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence ... that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful. Schlup v. Delo, 513 U.S. 298, 324

7

## 28 U.S.C. § 2254(d)

The one remaining habeas claim which is not barred by procedural default is subject to review under the deferential standard required by 28 U.S.C. § 2254(d). 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As for 28 U.S.C. § 2254(d)(1), "[t]he Supreme Court has explained the independent meanings of the 'contrary to' and 'unreasonable application' clauses .... A state court decision is 'contrary to' the Supreme Court's clearly established precedent if the state court either 'arrives at a conclusion opposite that reached by [the Supreme] Court on a question of law' or 'decides a case differently than th[e] [Supreme] Court has on a set of materially indistinguishable facts.'...A state court decision is an 'unreasonable application' of Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's

---

... (1995). In addition, a petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Id. at 327 .... This latter showing must take into account not only the allegedly new evidence, but also the evidence that was in fact before the jury.

Id. The petitioner has not presented any such new reliable evidence to demonstrate actual innocence of the offenses of conviction.

8

case.'... 'A federal court may not issue the writ simply because it "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."'" Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006) (citations omitted).

28 U.S.C. § 2254(d)(2) must be read together with 28 U.S.C. § 2254(e)(1), which states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

As explained by the Supreme Court, "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 324 (2003).

Therefore, as to the only claim in this case which is not procedurally defaulted, the issue in this court is whether the Nebraska courts, in adjudicating the merits of the claim, (1) produced "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) based its decision on an unreasonable factual determination in light of the evidence.

In Case No. S-01-172, the Nebraska Supreme Court reviewed the evidentiary record and concluded that the petitioner's claim of ineffective assistance of trial counsel -- failure to locate and interview witnesses, failure to call witnesses at trial, and failure to investigate

9

other suspects and/or defense theories -- lacked merit. The Court referred to the deposition of trial counsel in which the petitioner's trial attorney explained why he had concluded that only one of the possible witnesses mentioned by the petitioner had potentially beneficial testimony to offer at trial. The attorney sent his law clerk to interview the witness, and, on the basis of the report of that interview, he concluded that the witness could not assist the petitioner. The Nebraska Supreme Court also referred to the petitioner's deposition testimony concerning other possible witnesses he had advised his trial attorney to call. However, as the petitioner failed to explain the substance of the anticipated testimony by those prospective witnesses or how that testimony would have helped him, the Nebraska Supreme Court concluded that he had failed to establish either deficient representation by his trial counsel or how his attorney's conduct prejudiced his defense.

The applicable law, as determined by the United States Supreme Court, remains the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "Ineffective assistance under Strickland is deficient performance by counsel resulting in prejudice." Rompilla v. Beard, 125 S. Ct. 2456, 2462 (2005). "In order to overturn a conviction on grounds of ineffective assistance of counsel, the [petitioner] must show that his trial counsel's performance fell below the standard of customary skill and diligence that a reasonably competent attorney would display and that there is a reasonable probability that the outcome would have been different but for the substandard actions of counsel." Rousan v. Roper, 436 F.3d 951, 959 (8th Cir. 2006), *citing* Strickland v. Washington, 466 U.S. at 694.

At a minimum, the record in this case does not offer more than pure speculation that the outcome of the petitioner's trial on the weapons charge would have been different if the

petitioner's trial attorney had interviewed and called the petitioner's additional proposed witnesses. Consequently, the petitioner has not established the prejudice prong of the Strickland standard. In addition, the petitioner has not shown that his trial court counsel's representation fell below an objective standard of reasonableness. The explanations by counsel for his decisions, as provided in his deposition, reflect reasonable trial strategy. Thus, the petitioner has not established that the Nebraska Supreme Court rendered a decision "contrary to" or an "unreasonable application of" Supreme Court law or a factually unreasonable decision in light of the evidence in the state-court record.

THEREFORE, IT IS ORDERED:

1. That the Petition for Writ of Habeas Corpus filed by the petitioner, Gerald D. Smith, is denied and dismissed with prejudice;

2. That filing no. 24, the petitioner's Motion for information regarding the status of this case, is granted insofar as this Memorandum and Order provides the requested information; and

3. That a separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 14th day of March, 2006.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge